UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN WHITE,

        Petitioner,        Case Number: 05-CV-72875

v.        HON. NANCY G. EDMUNDS

TIMOTHY LUOMA,

        Respondent.
_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Brian White has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a state inmate currently incarcerated at the Baraga Correctional Facility in Baraga, Michigan, challenges his convictions for assault with intent to rob while armed and possession of a firearm during the commission of a felony. Respondent argues that the petition should be denied because it was not timely filed. The Court finds that the petition is untimely and, therefore, denies habeas relief.

**I.**

Following a jury trial in Recorder's Court for the City of Detroit, Petitioner was convicted of assault with intent to rob while armed and possession of a firearm during the commission of a felony. On May 20, 1993, he was sentenced as a habitual offender to twelve to twenty years imprisonment for the assault conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals which was denied on December 22, 1994.  People v. White, No. 166299 (Mich. Ct. App. Dec. 22, 1994).  Petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal.  People v. White, No. 102195 (Mich. Oct. 31, 1995).

Petitioner filed a motion for relief from judgment in the trial court on October 22, 2003.  That motion was denied.  People v. White, No. 93-000651-01 (Wayne County Circuit Court Dec. 19, 2003).[1]

Petitioner filed the pending petition for a writ of habeas corpus on July 13, 2005.

**II.**

Respondent argues that the petition should be denied because it was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions.  Petitioner's application for habeas corpus relief was filed after April 24, 1996.  Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application.  Lindh

---

[1] Based upon the pleadings and Rule 5 materials filed with the Court, the Court cannot determine whether Petitioner filed an application for leave to appeal this decision in the Michigan Court of Appeals.  However, the Court need not determine whether such an application for leave to appeal was filed to decide the timeliness issue and will therefore not require the filing of supplemental Rule 5 materials.

v. Murphy, 521 U.S. 320, 337 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The Sixth Circuit Court of Appeals has held that the one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. Isham v. Randle, 226 F.3d 69, 694-95 (6th Cir. 2000).

In addition, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). The limitations period "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." Abela v. Martin, 348 F.3d 164, 172 (6th Cir. 2003) (en banc), *cert. denied sub nom.* Caruso v. Abela, 124 S. Ct. Limitations (May 24, 2004). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's conviction became final on January 29, 1996, when his time for filing a petition for a writ of certiorari from the Michigan Supreme Court's denial of his application for leave to appeal expired. Therefore, absent state collateral review of his conviction, Petitioner was required to file his application for

3

habeas corpus relief by January 29, 1997.  Petitioner sought state collateral review of his conviction.  However, on January 29, 1996, the date the limitations period commenced, Petitioner had no application for collateral review pending.  He did not file his motion for relief from judgment until July 13, 2005.  Thus, the limitations period commenced on January 29, 1996, and continued to run, uninterrupted, until it expired on January 29, 1997.  Petitioner's motion for relief from judgment was not filed until over eight years after the limitations period expired and, consequently, did not serve to toll the limitations period.  The petition, therefore, is untimely.

### III.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel is **DENIED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 26, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 26, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager